UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Joseph W. Finfrock,

        Plaintiff,

vs.                              Case No. 2:06-cv-230-FtM-29DNF

Joe Flint, Glades County Clerk of Court; and Jennifer B. Rhymer, Glades County Deputy Clerk of Court

        Defendants.
_____

**ORDER OF DISMISSAL**

    This matter comes before the Court upon review of the file. On May 4, 2006, pro *se* Plaintiff, while incarcerated at Moore Haven Correctional Facility, filed a Civil Rights Complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1).

    Plaintiff names as Defendants the Clerk of Court for Glades County, Joe Flint, and the Deputy Clerk, Jennifer Rhymer. The Complaint alleges that Defendants Flint and Rhymer violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution when Defendants did not timely file or serve Plaintiff's circuit court complaint. (<u>Id.</u> at 8.) Further, the Complaint alleges that Defendants violated Plaintiff's rights because he "filed for a default to be entered against defendants along with request for Default Judgment, which the Clerk did not enter." (<u>Id.</u>) As relief, Plaintiff requests $5,000.00 in compensatory damages.

Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2). Consequently, the Prison Litigation Reform Act (hereinafter PLRA) requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the

plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

**II.**

According to the Complaint, the Defendant Flint is the Clerk of Court and Defendant Rhymer is the Deputy Clerk for the Glades County. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 455 U.S. 349, 356-357) (1978)). Similarly, non-judicial officials, including clerks of court, are entitled to absolute immunity for "duties that are integrally related to the judicial process." Jenkins v. Clerk of Court, 150 Fed. Appx. 988, 990 (11th Cir. 2005). "Absolute quasi-judicial immunity for nonjudicial officials is

determined by a functional analysis of their actions in relation to the judicial process." Id.  Here, Plaintiff states Defendants did not timely serve his Complaint and then failed to enter a default judgment.  The decisions regarding when to issue service of process or determine whether to enter default judgment are judicial actions.  See Id. (stating that decision to enter default judgment is "the most judicial of actions the clerk could make); Coleman v. Farnsworth, 90 Fed. Appx. 313, 318 (10th Cir. 2004) (stating that a clerk's decisions regarding service of process is a "duty with an integral relationship with the judicial process").  Therefore, the Court finds that Defendants Flint and Rhymer are entitled to absolute quasi-judicial immunity.  Consequently, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e)(2).

2.  The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of October, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record